(No. 3059—

JOSEPH PUDENZ, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed August 18, 1937.*

Claimant, pro se.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

A stipulation filed herein discloses that claimant, on April 30, 1936 made application to respondent for a license as a

wholesale malt liquor dealer, for the period from May 1, 1936 to June 30, 1937, for which he voluntarily paid the sum of One Hundred Sixteen and 67/100 ($116.67), being the proper fee for a license as a distributor for such period of time.

That on May 11, 1936 the Illinois Liquor Control Commission issued the desired license upon such application and deposit. That on May 15, 1936 claimant sold and disposed of his business, and notified the commission to that effect, and requested a refund of that portion of the fee which he had paid, for the period from July 1, 1936 to June 30, 1937, to-wit One Hundred ($100.00) Dollars; further, that during the period from April 30, 1936 to May 15, 1936 claimant continued to be engaged in said business. Claimant predicates his claim upon the fact that had he desired to do so he could have applied for a license for a two-months period expiring June 30, 1936, or for a period of fourteen months, expiring June 30, 1937, such option being given to the applicant under the terms of the Illinois Liquor Control Act as amended, effective July 1, 1935.

The Attorney General has filed a motion to dismiss the claim for the reason that the law makes no provision for a refund of a portion of such license fee on the ground that plaintiff had disposed of his business and no longer required such license.

Claimant's election to apply for a fourteen-months license instead of a two-months license was a matter of his own decision. He voluntarily expressed his option in favor of the license for the longer period, and the fact that he later saw fit to sell his business does not in the absence of a statute authorizing such refund, justify the court in granting an award. The Illinois Liquor Control Act authorizes refunds where the application is denied; where the licensee dies or becomes bankrupt; or where the political sub-division in which he is licensed becomes prohibition territory. The fact that an applicant after operating for a time sees fit to surrender the privilege granted by such license, does not justify a refund in the absence of a statutory provision. A similar ruling is found in the case of William H. Yott, No. 3035, denied at the present term.

The motion of the Attorney General is allowed and claim dismissed.